J-A15003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| H&H MANUFACTURING COMPANY, INC. AND VINCENT H. TOMEI, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| THOMAS R. TOMEI AND JEANNETTE TOMEI, | |
| Appellants | No. 3311 EDA 2018 |

Appeal from the Order Entered November 7, 2018
In the Court of Common Pleas of Delaware County
Civil Division at No(s): CV-2013-005775

| | |
|---|---|
| H&H MANUFACTURING COMPANY, INC. AND VINCENT H. TOMEI, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| THOMAS R. TOMEI AND JEANNETTE TOMEI, | |
| Appellants | No. 3312 EDA 2018 |

Appeal from the Order Entered October 15, 2018
In the Court of Common Pleas of Delaware County
Civil Division at No(s): CV-2013-005775

BEFORE: BENDER, P.J.E., GANTMAN, P.J.E., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 03, 2019**

---

[*] Retired Senior Judge assigned to the Superior Court.

Appellants, Thomas R. Tomei and Jeannette Tomei,[1] appeal from the trial court's November 7, 2018 order underlying the appeal at docket number 3311 EDA 2018, in which the trial court determined that it could not consider their request for sanctions because it did not have jurisdiction. Additionally, Thomas and Jeannette appeal from the trial court's October 15, 2018 order underlying the appeal at docket number 3312 EDA 2018, wherein the trial court denied their motion for attorneys' fees due to lack of jurisdiction. After careful review, we vacate both orders and remand with instructions for the trial court to stay its resolution of these matters until the appeals from the principal judgment are completed.

This case has an unusual, convoluted history. This Court has summarized its underlying factual and procedural background as follows:

> [Appellees, H&H Manufacturing Company, Inc. ("H&H"), and Vincent H. Tomei,] instituted the current action on June 11, 2013, by filing a writ of summons. Within [their] third amended complaint, [H&H and Vincent] levied 12 claims against [Thomas and Jeannette]. Thomas … filed a responsive pleading to the complaint that contained various counterclaims against Vincent…, including counterclaims for conversion and breach of contract. Jea[n]nette … filed a separate answer to [H&H and Vincent's] complaint and denied liability.[2]

_____

[1] Thomas and Jeannette state that Jeannette's name was improperly pled, and refer to her in their brief as "Jannette." Thomas and Jeannette's Brief at 6. Nevertheless, we identify her as Jeannette herein to conform to the record.

[2] In addition, Marie L. Tomei filed a Petition to Intervene, which the trial court subsequently granted. *See* Trial Court Opinion Regarding the 11/7/18 Order ("TCO I"), 1/11/19, at 2-3. Intervenor Marie then filed a complaint, in which she raised various claims against Thomas and Jeannette. *Id.*

The case proceeded to an eight-day bench trial and, on November 30, 2017, the trial court entered its findings of fact, conclusions of law, and decision in the matter. Specifically, the trial court found in favor of [Thomas and Jeannette] and against [H&H and Vincent], on all of [H&H and Vincent's] claims against [Thomas and Jeannette]; in favor of Thomas … and against Vincent …, on Thomas['s] counterclaim for conversion, in the amount of $34,224.58; and, in favor of Thomas … and against Vincent…, on Thomas['s] counterclaim for breach of contract, in an unspecified amount.

There is no evidence that [H&H and Vincent] filed a post-trial motion in this case…. Nevertheless, on April 19, 2018, the trial court entered an order declaring that [H&H and Vincent's] post-trial motion was denied and, on April 20, 2018, [Thomas and Jeannette] filed a *praecipe* for entry of judgment.

The prothonotary entered judgment in favor of Thomas … and against Vincent … in the total amount of $1,407,749.07. This total amount comprises the $34,224.58 to which Thomas … was entitled on his conversion claim and the $1,373,524.49 that [Thomas and Jeannette] averred they were entitled to receive for attorneys' fees and costs on their breach of contract claim.

*H&H Mfg. Co. v. Tomei*, No. 1196 EDA 2018, 2019 WL 2226096, at *1-2 (Pa. Super. filed May 22, 2019) (unpublished memorandum) (referred to herein as "*H&H Mfg. Co. I*") (internal citations omitted).

Thereafter, on April 23, 2018, H&H and Vincent filed a notice of appeal from the April 20, 2018 principal judgment.[3] This appeal was docketed at 1196 EDA 2018. Marie, the Intervenor, also filed a notice of appeal from the principal judgment. Her appeal was docketed at 1198 EDA 2018.

_____

[3] Specifically, H&H and Vincent purported to appeal from the trial court's order disposing of post-trial motions. *H&H Mfg. Co. I* at *1 n.1. The *H&H Mfg. Co. I* Court treated the appeal as from the entry of judgment. *Id.* ("Orders denying post-trial motions, however, are not appealable. Rather, it is the subsequent judgment that is the appealable order when a trial has occurred.") (citation omitted).

- 3 -

While these appeals from the April 20, 2018 principal judgment were pending before this Court, Thomas and Jeannette sought sanctions and attorneys' fees from the trial court, which led to the instant appeal. First, with respect to sanctions, the trial court described:

> Prior to the bench trial and pending appeal, the [t]rial [c]ourt issued an [o]rder on October 20, 2015 granting Thomas['s] Petition for Preliminary Injunction and Sanctions. The [o]rder enjoined Vincent … from selling or engaging others to sell any property of H&H … absent further [o]rder of the [c]ourt. It further elaborated that any prior sales were to be discontinued immediately. Through a variety of circumstances, a hearing on sanctions was not conducted before the entirety of the record was appealed to the Superior Court by way of their [n]otice of [a]ppeal dated April 23, 2018. Upon having held a hearing on November 5, 2018, where the parties presented jurisdictional arguments on the issue, the [t]rial [c]ourt determined that it did not have jurisdiction to hold a damages hearing by [o]rder dated November 7, 2018.
>
> [Thomas and Jeannette] filed their [n]otice of [a]ppeal on November 14, 2018[,] contemporaneously with a [m]otion for [r]econsideration of the November [7], 2018 [o]rder.[4] This [c]ourt issued a[n order directing them to file a Pa.R.A.P.] 1925(b) statement on November 15, 2018. [Thomas and Jeannette] timely filed their [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal on December 6, 2018.

TCO I at 3-4.

Second, regarding attorneys' fees, the trial court explained:

Pending the appeal, [Thomas and Jeannette] filed a [m]otion for the award of [a]ttorney[s'] fees.[5] Upon having held a hearing on August 14, 2018, the [c]ourt denied [Thomas and Jeannette's] [m]otion because the entirety of the record was subject to a

---

[4] This appeal was docketed at 3311 EDA 2018.

[5] Thomas and Jeannette filed this motion on May 18, 2018.

- 4 -

pending appeal[, and] it did not have jurisdiction to hear the argument.[6]

[Thomas and Jeannette] filed their [n]otice of [a]ppeal from the [o]rder on November 14, 2018[,] contemporaneously with a [m]otion for [r]econsideration.[7] This [c]ourt issued a[n order directing them to file a Rule] 1925(b) statement on November 15, 2018. [Thomas and Jeannette] timely filed their [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal on December 6, 2018.

Trial Court Opinion Regarding the 10/15/18 Order ("TCO II"), 1/11/19, at 3-4.

On December 12, 2018, this Court *sua sponte* consolidated Thomas and Jeannette's appeals at docket numbers 3311 EDA 2018 and 3312 EDA 2018. **See** Order, 12/12/18. Before our review of those orders, on May 22, 2019, this Court disposed of H&H and Vincent's appeal at 1196 EDA 2018, affirming the April 20, 2018 principal judgment — including the award of $1,373,524.49 in attorneys' fees — due to H&H and Vincent's failure to properly preserve their issues in a post-trial motion and Rule 1925(b) statement. **See H&H Mfg. Co. I** at *2.[8] Similarly, in a separate memorandum, this Court

_____

[6] The trial court's order reflecting this determination was not docketed until October 15, 2018.

[7] This appeal was docketed at 3312 EDA 2018.

[8] H&H and Vincent represent that they raised in their appeal from the April 20, 2018 principal judgment the issue of "[w]hether the April 23, 2018 [j]udgment entered by *[p]raecipe* should be stricken because there was no legal authority for the entrance of an attorney[s'] fee award under the [t]rial [c]ourt's [d]ecision and the [t]rial [c]ourt agreed with the same in its [Pa.R.A.P.] 1925(a) [o]pinion[.]" **See** H&H and Vincent's Brief at 11.

ascertained that Intervenor Marie waived all of her issues on appeal because of her failure to comply with Rule 1925(b). *See H&H Mfg. Co., Inc. v. Tomei*, 1198 EDA 2018, 2019 WL 2233780, at *2 (Pa. Super. filed May 22, 2019) (unpublished memorandum). On August 29, 2019, H&H and Vincent, as well as Intervenor Marie, filed petitions for allowance of appeal to our Supreme Court from those decisions, which remain pending at the time of this writing.[9]

Thomas and Jeannette presently raise the following issues for our review:

> 1) Whether the [h]onorable [t]rial [c]ourt abused its discretion and erred as a matter of law when it determined it did not have jurisdiction to conduct a sanctions hearing on Vincent['s] sale of H&H property in violation of court order, where precedent specifically states that the issue before the [t]rial [c]ourt is within its jurisdiction pending an appeal?
>
> 2) Whether the [h]onorable [t]rial [c]ourt abused its discretion and erred as a matter of law when it determined it did not have jurisdiction to hear the [m]otion for [a]ttorney[s'] [f]ees pursuant to 42 Pa.C.S.[] §[]2503, where relevant precedent specifically states that the [t]rial [c]ourt is within its jurisdiction to consider applications for attorneys' fees under 42 Pa.C.S.[] §[]2503, pending an appeal?

Thomas and Jeannette's Brief at 4.

At the outset, we acknowledge that "[i]ssues pertaining to jurisdiction are pure questions of law, and an appellate court's scope of review is plenary.

_____

[9] Intervenor Marie's appeal is docketed at 506 MAL 2019, and H&H and Vincent's appeal is docketed at 507 MAL 2019.

Questions of law are subject to a *de novo* standard of review." ***In re J.A.***, 107 A.3d 799, 813 n.15 (Pa. Super. 2015) (citation omitted).

We address Thomas and Jeannette's issues together as they both challenge the trial court's determination that it did not have jurisdiction over their requests for sanctions and attorneys' fees pending the appeals of the April 20, 2018 principal judgment. Here, in concluding that it did not have jurisdiction to conduct a sanctions hearing, the trial court explained:

> [Thomas and Jeannette] argue that the [t]rial [c]ourt had jurisdiction to conduct a hearing on the issue of sanctions to be assessed against Vincent … for the sale of H&H property in violation of court order, but this argument is without merit. Generally, "after an appeal is taken … the trial court … may no longer proceed in the matter." Pa.R.A.P. 1701. In the instant matter, the entirety of the original record was appealed to the Superior Court of Pennsylvania by Notice of Appeal.[1] A hearing on the motion for sanctions would be a substantive hearing to determine whether the award of sanctions would be appropriate. The substance of such a hearing would involve facts and legal issues that are now on appeal to the Pennsylvania Superior Court.
>
> [1] Dated April 23, 2018.
>
> From the standpoint of judicial efficiency, a determination on the issue of sanctions contemporaneously granted with a pending appeal to the Pennsylvania Superior Court could be rendered invalid by the same Court's eventual ruling on the appeal.

TCO I at 4-5.

In a similar vein, with respect to Thomas and Jeannette's motion for attorneys' fees, the trial court stated:

> [Thomas and Jeannette] argue that the [t]rial [c]ourt had jurisdiction to hear [their] Motion for Attorney[s'] Fees, but this argument is without merit. Generally, "after an appeal is taken … the trial court … may no longer proceed in the matter." Pa.R.A.P. 1701. In the instant matter, the entirety of the original record was appealed to the Superior Court of Pennsylvania by Notice of

- 7 -

Appeal.[3]  More specifically, [Thomas and Jeannette] previously requested attorney[s'] fees in the *[p]raecipe* to [e]nter [j]udgement [*sic*], which is subject to the aforementioned appeal.

   [3] Dated April 23, 2018.

From the standpoint of judicial efficiency, any award of attorney[s'] fees contemporaneously granted with a pending appeal to the Pennsylvania Superior Court may be rendered invalid by the same Court's eventual ruling on the appeal.  The Superior Court may issue a ruling superseding any award of attorney[s'] fees made by the [t]rial [c]ourt….  Therefore[,] it was proper for the [t]rial [c]ourt to decline to hear the motion for attorney[s'] fees in the interest of judicial economy and the reduction of transactional costs.

TCO II at 4-5.

We do not have to assess the soundness of the trial court's determinations, as Thomas and Jeannette advance in their reply brief that they are not seeking a disposition of the sanctions and attorneys' fees matters before the appeals from the April 20, 2018 principal judgment have concluded. Despite how Thomas and Jeannette stated their issues — *i.e.,* asking if the trial court had jurisdiction to consider these matters pending the appeals, **see** Thomas and Jeannette's Brief at 4 — they represent in their reply brief that they pursued these issues pending the appeals from the principal judgment in order to avoid waiver and preserve their rights.  Thomas and Jeannette's Reply Brief at 4-5.[10]  Specifically, they say they seek "the vacatur of the trial court's

_____

[10] **See also** Thomas and Jeannette's Reply Brief at 4 ("Thomas [and Jeannette] anticipate[] the decisions of the [t]rial [c]ourt will be affirmed on appeal (1196 & 1198 EDA 2018) *in toto* but did not know whether such affirmance would be accompanied with a remand for further proceedings on the two motions *sub judice* (3311 & 3312 EDA 2018).").

orders denying the motions based on a lack of jurisdiction and a remand for further proceedings after a ruling on the other matters on appeal (1196 & 1198 EDA 2018) has concluded [*sic*] [.]" *Id.* at 4 (unnecessary capitalization and emphasis omitted).[11]

It does not appear to us that H&H and Vincent oppose delaying the trial court's review of the outstanding requests for sanctions and attorneys' fees pending the outcome of the appeals from the April 20, 2018 principal judgment. In their brief, they argue that the trial court did not have jurisdiction to consider these motions during the pendency of the principal appeals, which they say involve identical or substantially similar issues. *See* H&H and Vincent's Brief at 7, 12-13.[12]

---

[11] *See also id.* at 5 ("Given the current posture of the primary appeals … Thomas [and Jeannette are] not seeking a remand of the instant appeals … before a decision is rendered in the primary appeals….").

[12] *See also* N.T. Argument Motion for Sanctions, 11/5/18, at 8 ("[W]e believe … that this motion for sanctions is not appropriate to be heard by the [c]ourt at this time. There's nothing preventing the [c]ourt from hearing this at a later date following the disposition of that appeal in the Superior Court, and we believe that it should be held for that time once that appeal is finally completed … at the Superior Court level."); N.T. Argument Motion for Attorneys' Fees, 8/14/18, at 9 ("Judgment A that's already been entered and is on appeal, includes attorney[s'] fees. [Thomas and Jeannette are] now asking you to enter Judgment B, which would enter another order for those same attorney[s'] fees, which would essentially leave us in place where we have two orders ordering the payment of those attorney[s'] fees twice. So I think it makes it clear from a rational standpoint that attorney[s'] fees have already been awarded out, they're on appeal to the Superior Court, and for that reason, there's no jurisdiction left here to consider the motion.").

Accordingly, given the unique circumstances of this case, we vacate the trial court's November 7, 2018 and October 15, 2018 orders, and remand with instructions for the trial court to stay its decision on Thomas and Jeannette's requests pending the outcome of the appeals from the April 20, 2018 principal judgment, docketed at 1196 EDA 2018 and 1198 EDA 2018, that are awaiting our Supreme Court's review. Once appellate review of those appeals concludes, the trial court may proceed with its review of Thomas and Jeannette's outstanding requests for sanctions and attorneys' fees.

Orders vacated. Cases remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/19